[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence February 19, 1993 Date of Application February 26, 1993 Date Application Filed April 1, 1993 Date of Decision March 22, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven.
Docket No. CR6-351795;
Timothy Pothin, Esq., Defense Counsel, for Petitioner
Robert J. O'Brien, Esq., Assistant State's Attorney, for the State
[BY THE DIVISION]
The file indicates that petitioner's request for sentence review was not filed within the time limited by General Statutes § 51-195. However, written notice that petitioner was seeking sentence review was filed with the division within the statutory period. In view of this it is concluded that we have jurisdiction to consider this petition.
After a plea of guilty, petitioner was convicted of manslaughter in the first degree in violation of General Statutes § 53a-55a(1). A sentence of twenty years was imposed for such offense.
The facts underlying petitioner's conviction indicate that on or about December 14, 1991, petitioner was angry at the victim as a result of certain domestic problems. Earlier in the day the petitioner observed the victim. He recruited three of his friends to assist him and went looking for the victim. Finding him, they chased the victim to an apartment. The victim entered the apartment, closed the door and attempted to hold it closed while petitioner was trying to open it. Petitioner fired his weapon through the door, striking the victim, causing his death.
Petitioner's attorney argued that the sentence should be reduced. He stated that this was a true manslaughter and not an intentional killing. The attorney argued that petitioner was guilty of only reckless conduct in firing through the door. The attorney further stated that at the time, petitioner showed great remorse for his action. Considering all of the factors involved, the attorney stated that a seventeen year sentence would have been appropriate.
Speaking on his own behalf, petitioner stated that the killing was an accident and that he had no intent to kill the victim. His intention was only to scare the person: Petitioner stated that it was the first time that he used a gun, and that he had no intent to shoot the victim. Petitioner also stated he was sorry for the offense.
The attorney for the state argued that the sentence should not be reduced. He stated that petitioner was charged with murder and that the charge was reduced to manslaughter in the first degree for the plea. The attorney for the state also stated that petitioner had a substantial criminal record and was on SHR at the time of the homicide. The attorney also CT Page 4464 disputed petitioner's claim that he showed remorse at the time.
In imposing sentence the judge noted the prior criminal record of petitioner. He observed that petitioner had over twenty prior convictions and was on supervised home release at the time of the crime. The judge who participated in the plea process, stated that petitioner's action, which resulted in the death of the victim, was a planned and programmed action.
Considering the seriousness of the offense, which resulted in the death of a human being and petitioner's long criminal record, it cannot be found that the sentence imposed was inappropriate or disproportionate in light of the nature of the offense, the character of the offender and the need to protect the public interest. Connecticut Practice Book 942.
Sentence Affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.